VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00113



| Brownell & LaMarche Administrative Permit |
|---|

## ENTRY ORDER

Title:         Motion to Reconsider
Filer:        Adam H. Miller, Esq.
Filed Date:  July 1, 2024

No response filed.

**The Motion is DENIED.**

This matter involves an appeal of a Town of Williston Development Review Board decision dated October 25, 2023, denying Craig Sampson's (Appellant) appeal of Administrative Permit 24-0016 issued to Randee Brownell and Jo LaMarche (Applicants) for the repositioning of Rosewood Drive, a shared private driveway located off Vermont Route 116 in Williston, Vermont. This Court issued a merits decision on June 14, 2024, affirming the Administrative Permit as issued.

Presently before the Court is Appellant's motion to reconsider the Court's June 14 Decision, specifically with respect to Question 4 of Appellant's Statement of Questions. Question 4 asks:

> Should application AP-24-0016 be rejected based on a material misrepresentation pursuant to 24 V.S.A. § 4470a, because AP-24-0016 proposes required safety improvements to lands Applicants claim to own but that this Court held does not belong to the [Applicant] in *Beecher v. Brownell*, No. 23-CV-03459 (Vt. Super. Ct. Civ. Div. January 31, 2024) (Walsh, J.).

Statement of Questions (filed December 13, 2023; amended on May 1, 2024).

**Discussion**

Vermont Rule of Civil Procedure 59(e) governs motions to alter or amend judgments. The Court considers such motions to be an "extraordinary remedy that should be used sparingly." Mountain Top Inn & Resort JO, No. 23-3-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2019) (Durkin, J.) (citation omitted). This Court will only grant a Rule 59(e) motion in order to: "correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." Id. at 2 (quoting In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2810.1 (2d ed. 1995)). Importantly, Rule 59(e) motions are "not intended as a means to reargue or express dissatisfaction with the Court's findings of fact and conclusions of law" and cannot "merely repeat[] arguments that have already been raised and rejected by the Court." Town Clarendon v. Houlagans MC Corp. of VT., No. 131-10-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.); Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.).

Appellant's motion seeks to relitigate an issue already determined by the Court and does not cite to any grounds which would allow the Court to entertain such a motion. Appellant's motion to reconsider argues that Applicant's administrative permit application does not comply with the terms and conditions of the Discretionary Permit, and that this issue is intrinsic to Appellant's Question 4. However, this is precisely the same issue that the Court considered in its June 14 Merits Decision. See Brownell & LaMarche Administrative Permit, No. 23-ENV-00133 slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. June 14, 2024) (Walsh, J.) (explaining that [t]o the extent that, through Question 4, Appellant seeks to challenge the Administrative Permit's compliance with the terms and conditions of the Discretionary Permit, those issues are outside the scope of this Question").

Appellant's motion cites to no manifest error of law or manifest injustice which would enable this Court to reconsider our June 14 Decision. Nor does Appellant cite to any newly discovered evidence or an intervening change in the law in his favor. In fact, the motion to

reconsider cites to many of the same cases which the Court cited in its June 14 Decision and which supported our conclusions regarding Question 4.

Even if we were to consider Appellant's motion to reconsider on the merits, the Court is still not convinced that Question 4 intrinsically allows the Court to consider the Administrative Permit's compliance with the Discretionary Permit. Question 4 plainly asks whether there was a material misrepresentation pursuant to 24 V.S.A. § 4470a. Nothing in this Question addresses the relationship between the terms of either permit, nor does this Question cite to the relevant provision in the Williston Development Bylaws which requires consistency between permits. Accordingly, it was, and remains, outside of this Court's jurisdiction to consider Appellant's arguments regarding the Administrative Permit's compliance with the Discretionary Permit. Appellant's motion to reconsider does not remedy this fundamental jurisdictional issue.

For the foregoing reasons, we **DENY** Appellant's motion to reconsider this Court's June 14 Decision. Appellant's motion relitigates an issue already determined by the Court and cites to none of the four factors which would allow this Court to reconsider its previous conclusions. Electronically signed July 17, 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division